# Supreme Court of Texas

---

No. 24-0384

---

Stephanie Muth, in her official capacity as Commissioner of the
Texas Department of Family and Protective Services, and the
Texas Department of Family and Protective Services,

*Petitioners*,

v.

Mirabel Voe, individually and as parent and next friend of
Antonio Voe, a minor; Wanda Roe, individually and as parent and
next friend of Tommy Roe, a minor; PFLAG, Inc.; and Adam
Briggle and Amber Briggle, individually and as parents and next
friends of M.B., a minor,

*Respondents*

*~ and ~*

---

No. 24-0385

---

Greg Abbott, in his official capacity as Governor of the State of
Texas; Stephanie Muth, in her official capacity as Commissioner
of the Department of Family and Protective Services; and the
Texas Department of Family and Protective Services,

*Petitioners*,

v.

Jane Doe, individually and as parent and next friend of Mary Doe, a minor; John Doe, individually and as parent and next friend of Mary Doe, a minor; and Dr. Megan Mooney,

*Respondents*

On Petitions for Review from the
Court of Appeals for the Third District of Texas

CHIEF JUSTICE BLACKLOCK, concurring.

I agree with the Court that the injunctions in these consolidated cases, which this Court long ago stayed, must now be dissolved in their entirety. I also agree with the Court that the families' claims are moot and that PFLAG lacks standing. In my view, however, Dr. Mooney likely has standing sufficient for at least some of her case to proceed against the Department of Family and Protective Services. I would therefore reach the question of Mooney's probable right to relief on the merits and would vacate the injunctions because the merits point firmly in the other direction.

As a licensed psychologist, Mooney is subject to the mandatory child-abuse reporting regime administered by DFPS. *See* 40 TEX. ADMIN. CODE § 707.451–.471. Her portion of the suit challenges, in part, DFPS's decision to make the administration of "gender-transition" therapy to children reportable as child abuse. Mooney—who has a history of counseling people considering these treatments—takes the position that DFPS's changed view of the matter violates the law. Although I do not think she is right about that, I am inclined to view

imposition by the government of an increased reporting burden of this nature as an injury sufficient to confer standing. It seems to be an injury to which Mooney remains subject, despite intervening developments in the case.

I would nevertheless fully vacate the injunctions. Since these cases were initiated, the conduct at issue—"gender-transition" treatments for children—has been outlawed in Texas. Both this Court and the U.S. Supreme Court have upheld such bans against constitutional attack. *State v. Loe*, 692 S.W.3d 215, 239 (Tex. 2024); *United States v. Skrmetti*, 605 U.S. 495, 525 (2025). Thus, since the time of the injunctions, the law has developed in a way that forecloses the legal theories animating this litigation, including Mooney's portion of it. In light of those developments, the sweeping temporary injunctions are plainly improper on the merits. I therefore concur in the Court's decision to vacate the injunctions.

James D. Blacklock
Chief Justice

**OPINION FILED:** April 24, 2026

3